| | |
|---|---|
| William G. Harden, | )     C/A No. 3:12-796-RMG-KFM |
|              Plaintiff, | ) |
| v. | ) |
| | )     **REPORT AND RECOMMENDATION** |
| Tanya A. Gee, Clerk of The South Carolina | ) |
| Court of Appeals, in her individual and official | ) |
| capacities; Daniel E. Shearhouse, Clerk of the | ) |
| Supreme Court of South Carolina, in his | ) |
| individual and official capacities; All of the | ) |
| Judges of The South Carolina Court of Appeals, | ) |
| in their individual and official capacities; All of the | ) |
| Justices of the Supreme Court of South Carolina, | ) |
| in their individual and official capacities, | ) |
| | ) |
|              Defendants. | ) |
| _____ | ) |
| | ) |

## Background

This *pro se* Plaintiff brings a civil action pursuant to 42 U.S.C. § 1983, alleging

Defendants have violated his constitutional rights. Plaintiff alleges he appealed a matter

from the South Carolina Administrative Law Judge Division ("ALJ") to the South Carolina

Court of Appeals, which declined to hear the appeal. Compl. 4, ECF No. 1. He alleges he

thereafter appealed the South Carolina Court of Appeals' decision to the South Carolina

Supreme Court, which declined to hear his petition. *Id.* Plaintiff alleges the Clerk of the

Court of Appeals demanded a $100 filing fee, which he was unable to pay due to his

condition of poverty. *Id.* Similarly, he alleges the Supreme Court denied his petition

because he could not pay a $100 filing fee. *Id.* He alleges his underlying claim was never

heard on the merits at the appellate level. *Id.* Plaintiff alleges the "practice" of the South

Carolina Court of Appeals and the South Carolina Supreme Court is unconstitutional, in

violation of due process and equal protection. *Id.* at 5. He claims persons of wealth and

privilege are treated differently than persons of poverty.  *Id.*  Plaintiff alleges this case presents a simple issue—"whether the doors of the South Carolina Court of Appeals and the Supreme Court of South Carolina are closed to indigent plaintiffs (appellants/petitioners) due solely to their condition of poverty."  *Id.* at 4.

For his relief, Plaintiff seeks an order by this Court that Defendants are required to hear his appeal without the payment of a filing fee.  *Id.* at 6.  Further, Plaintiff seeks a declaratory judgment that the Defendants' refusal to hear his appeal from the ALJ "without the payment of a filing fee (due solely to his financial ability to do so) is unconstitutional."  *Id.*

From Plaintiff's attached exhibits, certain additional facts are revealed.  On December 29, 2010, in the case of *William G. Harden v. South Carolina Dep't of Corr.*, 2010-AL-04-00630, the South Carolina Court of Appeals denied Plaintiff's motion to proceed *in forma pauperis*.  ECF No. 1-1 at 2.  That court directed Plaintiff to pay the $100 filing fee within 15 days or the appeal would be dismissed.  *Id.*  On January 27, 2011, the Court of Appeals dismissed the appeal due to Plaintiff's failure to pay the filing fee.  ECF No. 1-1 at 3.  On May 25, 2011, the South Carolina Supreme Court denied Plaintiff's motion to proceed *in forma pauperis* in the case of *William G. Harden v. SCDC*, and advised Plaintiff to file and serve certain documents and pay the $100 filing fee within 30 days or the case would be dismissed.  ECF No. 1-1 at 7.  On June 30, 2011, the Supreme Court dismissed Plaintiff's appeal due to his failure to pay the filing fee.  ECF No. 1-1 at 8.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and

submit findings and recommendations to the District Court. Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is a *pro se* litigant, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

First, the *Rooker-Feldman* abstention doctrine bars this action. This Court acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.* Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)

(explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). *See also Dukes v. Stone*, No. 3:08-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). Here, Plaintiff lost his appeals in the state appellate courts (not on the merits, of course, but due to his failure to pay the filing fees), and he brings this action essentially attempting to overrule orders entered by the South Carolina Court of Appeals and the South Carolina Supreme Court, which each denied his motion to proceed *in forma pauperis* and dismissed his appeal. Plaintiff alleges that he is a person of poverty such that the appellate state courts wrongfully required him to pay $100 to proceed with his appeals or face dismissal. Plaintiff requests that this Court find Defendants' orders were unconstitutional because as an indigent it was not permissible to require him to pay a $100 filing fee. Thus, he invites this Court to review and reject the state appellate courts' decisions. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1297–98 (2011) (finding that the *Rooker-Feldman* doctrine applies where a state court loser invites the district court to review and reject the state court judgment, but if a plaintiff has an independent claim the prior state court judgment is not an impediment to federal jurisdiction).[1] Therefore, this action should be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.

Secondly, Plaintiff may be seeking to file this action on behalf of other indigent

---

[1] Although Plaintiff claims that the state appellate courts' practice is unconstitutional, the crux of the Complaint seeks to overrule orders by the South Carolina Court of Appeals and South Carolina Supreme Court entered in his specific case, which each denied the motion to proceed *in forma pauperis.*

persons seeking to file appeals in South Carolina appellate courts. He alleges the state appellate courts' "practice" treats persons of poverty differently than persons of wealth and privilege and this violates the United States Constitution. Further, he seeks to litigate the issue of whether the appellate court doors are closed to indigent "plaintiffs (appellants/petitioners) due solely to their condition of poverty." If Plaintiff does intend to represent others in this action, as a *pro se* litigant, he lacks standing to bring this action on behalf of other persons. *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action). In *Myers*, the Fourth Circuit Court of Appeals explained that, "[a]n individual unquestionably has the right to litigate his *own* claims in federal court." *Id.* This is a right of high standing which "'reflects a respect for the choice of an individual citizen to plead his or her own cause.'" *Id.* (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (citing 28 U.S.C. § 1654). However, the right to litigate for *oneself* does not create a similar right to litigate on behalf of others. *Myers*, 418 F.3d at 400. "The reasoning behind this rule is two-fold: it protects the rights of those before the court ..., and jealously guards the judiciary's authority to govern those who practice in its courtrooms...." *Id.* Accordingly, this rule protects the rights of other indigent litigants because it is too risky to permit a layperson to litigate their claims due to the risk of the layman's limited competence to litigate. *See Id.* Thus, this action should be dismissed for lack of standing.

Lastly, Plaintiff's Complaint fails to state a claim on which relief may be granted because it requests certain relief that this Court does not have jurisdiction to grant. Plaintiff seeks an order by this Court that Defendants are required to hear his appeal without the payment of a filing fee. Because his appeals were dismissed prior to this case, essentially he requests an order that the state appellate courts must reopen Plaintiff's cases and reverse their orders that required payment of the filing fee. Plaintiff's request could be construed as seeking a writ of mandamus against the state judges and justices. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). This Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008).

## Recommendation

Based on the foregoing, it is recommended that the District Court dismiss this action *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

s/Kevin F. McDonald
United States Magistrate Judge

April 5, 2012
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).