IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| William G. Harden, | Civil Action No.: 3:12-cv-796-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Tanya A. Gee, Clerk of The South Carolina Court of Appeals, in her individual and official capacities; Daniel E. Shearhouse, Clerk of the Supreme Court of South Carolina, in his individual and official capacities; All of the Judges of The South Carolina Court of Appeals, in their individual and official capacities; All of the Justices of the Supreme Court of South Carolina, in their individual and official capacities, | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants have violated his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. On April 4, 2005, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. (Dkt. No. 12). On April 18, 2012, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 15). As explained herein, the Court agrees with and wholly adopts the Magistrate Judge's Report and Recommendation and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

1

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In his Complaint, Plaintiff alleges that he attempted to appeal a matter from the South Carolina Administrative Law Judge Division to the South Carolina Court of Appeals. (Dkt. No. 1). Plaintiff alleges that his appeal was never heard on the merits because the South Carolina Court of Appeals demanded a $100 filing fee, which Plaintiff was unable to pay because of his poverty. (*Id.*). Plaintiff also alleges that he appealed the South Carolina Court of Appeals' decision to the South Carolina Supreme Court, which also declined to hear his petition because he could not pay a $100 filing fee. (*Id.*). Plaintiff alleges that the practice of the South Carolina Court of Appeals and the South Carolina Supreme Court of requiring a $100 filing fee is unconstitutional because it violates his due process rights and equal protection rights. (*Id.* at 5). Plaintiff claims that this practice creates "a double standard, one for persons of wealth and privilege and another for persons in poverty." (*Id.*). Plaintiff attached to his Complaint as exhibits the Orders from the South Carolina Court of Appeals and the South Carolina Supreme

2

Court denying Plaintiff's appeals based on his failure to pay the $100 filing fee. (Dkt. No. 1-1). In the Complaint's Request for Relief, Plaintiff requests "[a] declaratory judgment that the refusal of the Defendants to hear his appeal from the Administrative Law Judge Division (ALJD) without the payment of a filing fee (due solely to his financial ability to do so) is unconstitutional." (Dkt. No. 1 at 6). Plaintiff also requests an Order from this Court requiring the Defendants to hear his appeal without payment of the filing fee. (*Id.*).

As explained in the Magistrate Judge's Report and Recommendation, the *Rooker-Feldman* abstention doctrine bars this action. In discussing the *Rooker-Feldman* doctrine, the Fourth Circuit has held that "if [a] state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). Only the United States Supreme Court may review state court decisions. *Id.* Here, Plaintiff apparently did not argue to the South Carolina Court of Appeals or the South Carolina Supreme Court that the $100 filing fee was unconstitutional. Contrary to the Plaintiff's assertions in his objections to the Report and Recommendation (Dkt. No. 15), Plaintiff could have asserted this argument in the state court proceedings. Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review the decisions of the South Carolina Court of Appeals and the South Carolina Supreme Court. Thus, Plaintiff's requests that this Court declare the decisions of the South Carolina Court of Appeals and South Carolina Supreme Court unconstitutional and order those courts to hear Plaintiff's appeal are barred by the *Rooker-Feldman* doctrine.

3

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Thus, Plaintiff's Complaint is hereby dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 25, 2012
Charleston, South Carolina

4